UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Darrell Day,

    Petitioner,

    v.                                      Civil Action No. 2:15-cv-234-cr-jmc

Lisa Menard, Commissioner of the
Vermont Department of Corrections,

    Respondent.

## REPORT AND RECOMMENDATION
(Doc. 16)

On November 4, 2015, Petitioner Darrell Day, a prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2011 conviction for five crimes including driving under the influence (DUI), third offense, with a habitual offender enhancement. (Doc. 1.) Day now moves for a stay and abeyance of these proceedings to allow him to return to state court to exhaust the unexhausted ineffective assistance of counsel claims raised in his Petition. (Doc. 16.) Defendant Lisa Menard, the Commissioner of the Department of Corrections, opposes Day's motion. (Doc. 18.)

For the reasons explained below, I recommend DENYING Day's Motion to Stay (Doc. 16) and DISMISSING Day's unexhausted ineffective assistance of counsel claims. In the event this Report and Recommendation is adopted, this matter should be returned to the undersigned Magistrate Judge for review of Day's exhausted claims.

**Factual and Procedural Background**

In June 2011, Day, represented by counsel, pleaded guilty in the Vermont Superior Court (Bennington Unit) to the following offenses, pursuant to a written plea agreement: simple assault; DUI, third offense with a habitual offender enhancement; reckless endangerment; attempting to elude a law enforcement officer; and gross negligent operation of a vehicle. (Doc. 6-1 at 1, 5; Doc. 6-13.) Soon thereafter, Day was sentenced to a term of 20 years and six months to 41 years imprisonment. (Doc. 6-15 at 33.) In December 2012, Day's conviction and sentence were affirmed by the Vermont Supreme Court. *See State v. Day*, No. 2012-222, 2012 WL 6633576 (Vt. Dec. 13, 2012). Extensive post-conviction relief (PCR) proceedings were subsequently held, and Day's PCR petition was denied in the trial court and that denial was later affirmed by the Vermont Supreme Court. *See In re Darrell Day*, No. 2014-124, 2015 WL 196312 (Vt. Jan. 9, 2015).

The state court proceedings are summarized in this Court's recent June 22, 2016 Order. (*See* Doc. 15 at 2–5.) In that Order, the Court concluded that Day's Habeas Petition "contains a mix of exhausted and unexhausted claims." (*Id.* at 2.) The Order specifies that the following claims are unexhausted:

> that [Day's] [trial] attorney, Frederick Bragdon, was ineffective under the Sixth Amendment, in the following ways: (1) Bragdon failed to file a Motion to Dismiss "for lack of Prima Facie Case challenging the required 'element of specific intent' on all of the assault offenses due to intoxication, which would negate the required element of 'knowledge'" (Doc. 1 at 15); (2) Bragdon also failed to file a "Motion in Limine To Elect Offenses for Trial due to the multiplicity of the same element offenses" (*id.* at 16); and (3) Bragdon coerced Day's plea of guilty "in order to conceal his unpreparedness for trial" (*id.* at 17).

(Doc. 15 at 5.) Given these unexhausted claims[1], and finding that "if the Court were to dismiss the entire Petition without prejudice, Day would not have time to exhaust his state-court remedies and refile his Petition in this Court," the Court allowed Day the option of either withdrawing the unexhausted claims from his Petition or moving to stay the Petition and hold it in abeyance pending Day's pursuit of those claims in state court. (*Id.* at 8.)

Day opted to file the pending Motion to Stay, arguing that he had good cause for failing to exhaust the relevant ineffective assistance of counsel claims; that the claims are potentially meritorious; and that he did not engage in intentional dilatory litigation tactics in failing to bring the claims earlier. (Doc. 16 at 1, 4.) Menard opposes the Motion, asserting that Day cannot demonstrate either good cause for his failure to exhaust the claims in state court or the potential merit of the unexhausted claims. (Doc. 18 at 1.)

**Analysis**

**I.     Relevant Law**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs applications filed by incarcerated state court defendants seeking federal habeas corpus relief under 28 U.S.C. § 2254. Before a federal court may consider such an application, the petitioner must generally have exhausted all the remedies available in the courts of the state in which he was convicted. 28 U.S.C. § 2254(b)(1)(A); *see Jones v. Murphy*,

---

[1] Though not asserted in his Habeas Petition, in his Motion to Stay, Day appears to claim that his PCR counsel–in addition to his trial counsel–provided ineffective assistance. (*See* Doc. 16 at 4–5.) As discussed herein, these claims lack merit and should be dismissed.

694 F.3d 225, 246–47 (2d Cir. 2012).  "Exhaustion of state remedies requires that a petitioner fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Cornell v. Kirkpatrick*, 665 F.3d 369, 375 (2d Cir. 2011).  If a claim is procedurally defaulted, a federal habeas court may not review the claim on the merits unless the petitioner can demonstrate both cause for the default and prejudice resulting therefrom, or if he can demonstrate that the failure to consider the claim will result in a miscarriage of justice.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

A habeas petition like Day's, which contains both exhausted and unexhausted claims, is called a "mixed petition."  *Rhines v. Weber*, 544 U.S. 269, 271 (2005).  When presented with a mixed petition, a federal court may stay the petition and hold it in abeyance to give the petitioner an opportunity to exhaust the unexhausted claims in state court.  *Id.* at 276–77.  However, as the United States Supreme Court explained in *Rhines v. Weber*, staying a federal habeas petition "frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings," and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."  *Id.* at 277.  Therefore, the Supreme Court held that "stay and abeyance should be available only in limited circumstances."  *Id.*

The Court in *Rhines* held that three conditions must be satisfied before the district court may grant a petitioner's motion to stay a mixed habeas petition: (1) there must be "good cause" for the petitioner's failure to exhaust his claims in state court; (2) the

4

unexhausted claims must be "potentially meritorious"; and (3) the petitioner must not have engaged in "abusive litigation tactics or intentional delay." *Id.* at 277–78.  If the petitioner fails to satisfy these conditions, the district court should dismiss the petition; or, "if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief," the court should permit the petitioner to proceed on only his exhausted claims. *Id.* at 278.  If, on the other hand, the petitioner satisfies all three conditions, "the district court should stay, rather than dismiss, the mixed petition." *Id.*

Because Day has shown neither that he had good cause for his failure to exhaust the relevant claims, nor that these claims are potentially meritorious, I recommend dismissing the unexhausted claims and allowing Day to proceed on his exhausted claims.

**II.     Day has not demonstrated good cause for his failure to exhaust.**

As stated above, an order staying a mixed habeas petition is available only when a court "determines that there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277.  A petitioner's showing of "reasonable confusion" concerning his delay in exhausting state court remedies generally satisfies the good cause requirement. *Whitley v. Ercole*, 509 F. Supp. 2d 410, 419–20 (S.D.N.Y. 2007); *see Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).  Moreover, most courts require that "good cause" must arise from "external factors, not [the] petitioner's own decisions." *Ramdeo v. Phillips*, No. 04–CV–1157 (SLT), 2006 WL 297462, at *6 (E.D.N.Y. Feb. 8, 2006) (collecting cases); *Bader v. Warden, New Hampshire*, No. Civ. 02–CV–508–JD, 2005 WL 1528761, at *7 (D. N.H. June 29, 2005), *aff'd sub nom. Bader v. Warden*, *New Hampshire State Prison*, 488 F.3d 483 (1st Cir. 2007) (habeas petitioner

5

lacked good cause for failing to exhaust newly-discovered ineffective assistance of counsel claim, given his inability to show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule") (internal quotation marks omitted).

Day claims that the following facts establish good cause for his failure to exhaust his ineffective assistance of counsel claims: "his transfer out of State created a huge br[e]akdown in communication between himself and his post[-]conviction counsel"; "post[-]conviction counsel had all the information supplied by petitioner to argue [an] ineffective [assistance] claim but failed to do so"; and "post[-]conviction counsel . . . lost sight of the fact that [Day's] trial attorney coerced [Day] into a guilty plea with erroneous information, telling him he had the right to [a]ppeal his sentence." (Doc. 16 at 4 (internal quotation marks omitted).) These alleged facts do not explain why Day himself failed to include the relevant ineffective assistance claims regarding his trial counsel in his July 2012 PCR petition which he filed *pro se*. (*See* Doc. 6-10 at 10–28.) Nor does Day explain why he did not file an application to replace his court-appointed PCR attorney or to return to *pro se* status.

Day claims he had identified the existence of the ineffective assistance of trial counsel claims during the pendency of the PCR proceedings, or before, and yet he did not submit them to the court. He has not presented sufficient facts or law to demonstrate good cause for his failure to bring these claims in state court. *See Orr v. Hulihan*, No. 11 Civ. 0501(RMB)(THK), 2012 WL 2478354, at *13 (S.D.N.Y. Jan. 23, 2012), *report and recommendation adopted*, 2012 WL 2478454 (S.D.N.Y. June 28, 2012) (finding no good

6

cause for failure to exhaust, despite petitioner's claims that he "urged his appellate counsel to raise an ineffective assistance of counsel claim and, in the end, he had no choice but to trust his lawyer's judgment even though he did not agree with it" and that he "was not aware that he could file a *pro se* supplemental brief on appeal") (internal quotation marks omitted); *Spurgeon v. Lee*, No. 11–CV–00600(KAM), 2011 WL 1303315, at *2–3 (E.D.N.Y. Mar. 31, 2011) (finding no good cause for failure to exhaust where petitioner was aware of the facts underlying his claim at the time of his trial); *Hanesworth v. Greene*, No. 04–CV–0145S, 2007 WL 1201585, at *4 (W.D.N.Y. Apr. 22, 2007) ("Were the Court to grant a stay simply on the basis that petitioner did not bring the claim earlier, despite admittedly being previously aware of the facts supporting the claim, it would be defeating AEDPA's twin purposes of encouraging finality and increasing the incentives for petitioners to exhaust all claims prior to filing habeas petitions in federal court.") (internal quotation marks omitted); *Ali v. O'Brien*, 407 F. Supp. 2d 345, 350 (D. Mass. 2006) (finding no support for petitioner's argument that there was "good cause" for his failure to exhaust because of "communication problems, *i.e.*, a significant lack of communication during his trial and appeal[,] combined with an insurmountable language barrier") (internal quotation marks omitted).

Moreover, Day has not attempted to present a claim in state court that his PCR counsel provided ineffective assistance; thus PCR counsel's alleged ineffective assistance may not constitute "good cause" for Day's failure to exhaust his ineffective assistance claims regarding trial counsel. *See Bader*, 2005 WL 1528761, at *7 ("[Petitioner] has not presented a claim in state court that his subsequent counsel w[as] constitutionally

7

ineffective for failing to raise the issue of his trial counsel's ineffective assistance[, and thus,] ineffective assistance by subsequent counsel cannot constitute cause here because that claim has not been exhausted.").

### III. Day has not demonstrated that his unexhausted claims have potential merit.

Even if Day could show good cause for his failure to exhaust, a stay is not justified because he has not demonstrated that his unexhausted ineffective assistance of counsel claims have potential merit. As noted above, a court "would abuse its discretion if it were to grant [a petitioner] a stay when his unexhausted claims were plainly merit[]less." *Rhines*, 544 U.S. at 277.

Ineffective assistance of counsel claims are governed by the Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Williams v. Taylor*, 529 U.S. 362, 390 (2000). In *Strickland*, the Court established a two-prong test to determine whether a defendant's Sixth Amendment right to effective assistance of counsel is violated. First, under *Strickland's* "performance" prong, a petitioner must show that trial counsel's representation "fell below an objective standard of reasonableness" measured under "prevailing professional norms." *Strickland*, 466 U.S. at 688. "Constitutionally effective counsel embraces a 'wide range of professionally competent assistance,' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 690). "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged

8

conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted).

Thus, courts "must apply a heavy measure of deference to counsel's judgments," and "will not normally fault counsel for foregoing a potentially fruitful course of conduct if that choice also entails a significant potential downside." *Greiner*, 417 F.3d at 319 (internal quotation marks omitted). And, "[a] lawyer's decision not to pursue a defense does not constitute deficient performance if, as is typically the case, the lawyer has a reasonable justification for the decision, and strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id.* (internal quotation marks omitted).

Second, under *Strickland's* "prejudice" prong, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding"; rather, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 693–94; *see Lynn v. Bliden*, 443 F.3d 238, 248 (2d Cir. 2006). Additionally, the Second Circuit "requires some objective evidence other than defendant's assertions to establish prejudice." *Pham v. United States*, 317

9

F.3d 178, 182 (2d Cir. 2003) (citing *United States v. Gordon*, 156 F.3d 376, 380–81 (2d Cir. 1998) (*per curiam*)).

The two-prong test set forth in *Strickland* for evaluating ineffective assistance of counsel claims applies to claims raised by defendants like Day who have been convicted pursuant to a guilty plea. *See Hill v. Lockhart*, 474 U.S. 52, 57–58 (1985); *United States v. Coffin*, 76 F.3d 494, 498 (2d Cir. 1996). In these cases, the defendant must first show "that 'counsel's representation fell below an objective standard of reasonableness.'" *Coffin*, 76 F.3d at 498 (quoting *Strickland*, 466 U.S. at 687–88). And then he must show "that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* (quoting *Hill*, 474 U.S. at 59). Thus, the prejudice inquiry regarding an ineffective assistance claim in a guilty plea case like this "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process," *Hill*, 474 U.S. at 59, rather than on whether "the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694.

Usually, "the only advantage of going to trial over pleading guilty is the possibility of acquittal or conviction of lesser charges." *Cuevas v. United States*, Nos. 10 Civ. 5959(PAE)(GWG), 98 Cr. 1053(PAE), 2012 WL 3525425, at *9 (S.D.N.Y. Aug. 16, 2012), *report and recommendation adopted*, 2013 WL 655082 (S.D.N.Y. Feb. 22, 2013). Therefore, where a petitioner claims he would have gone to trial rather than plead guilty, he must provide:

> some basis for concluding that the chance of acquittal or conviction of lesser charges was sufficiently high that the petitioner would have rationally chosen to take the risk of conviction and a longer sentence that

> accompanies a trial rather than accept the certainty of conviction and a generally lesser sentence that is entailed by a guilty plea.

*Id.* Where there is "extensive evidence of his guilt," the petitioner must articulate a convincing basis on which he would have foregone "the substantial benefit resulting from his plea" and risked a harsher sentence at trial. *Boakye v. United States*, No. 09 Civ. 8217, 2010 WL 1645055, at *5–6 (S.D.N.Y. Apr. 22, 2010); *see also United States v. Arteca*, 411 F.3d 315, 321 (2d Cir. 2005) (no prejudice where defendant: was aware that plea agreement's sentencing estimate was not binding; received benefits from the plea deal; and did not provide "any persuasive reason for doubting the strength of the government's case against him").

Establishing a claim for ineffective assistance of counsel is a "heavy burden" that, in the context of a § 2254 petition, is "enhanced by the added hurdle posed by the highly deferential review accorded state court adjudications under the . . . AEDPA." *Eze v. Sendkowski*, 321 F.3d 110, 112 (2d Cir. 2003). The petitioner must show the federal habeas court not only that the state-court decision applied *Strickland* incorrectly, but also that the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002). Moreover, "because the *Strickland* standard is a general [one], a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009).

As noted above and in the Court's June 22, 2016 Order, Day claims his trial counsel was ineffective in three ways: (1) he failed to file a motion to dismiss based on a

11


lack of the element of specific intent on the assault offenses due to Day's intoxication; (2) he failed to file a motion in limine to elect offenses for trial due to the multiplicity of the same element offenses; and (3) he coerced Day's guilty plea.  (*See* Doc. 1 at 15–17; Doc. 15 at 5; Doc. 16 at 5.)  For the following reasons, Day has failed to demonstrate that counsel was constitutionally ineffective on any of these grounds.

> **A.    Trial counsel's failure to file certain pretrial motions was not unreasonable and did not affect the outcome of the plea process.**

Day's ineffective assistance claims regarding trial counsel's failure to file pretrial motions lack merit for several reasons.  First, Day's guilty plea effectively waived all ineffective assistance claims relating to events occurring prior to his guilty plea, including counsel's failure to file certain pretrial motions.  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Torres*, 129 F.3d 710, 715–16 (2d Cir. 1997); *Coffin*, 76 F.3d at 497–98; *Whitehead v. Senkowski*, 943 F.2d 230, 233 (2d Cir. 1991) ("Generally a knowing and voluntary guilty plea precludes federal habeas corpus review of claims relating to constitutional rights at issue prior to the entry of the plea.").  In *Tollett v. Henderson*, the United States Supreme Court explained that a knowing and voluntary guilty plea "represents a break in the chain of events which has preceded it in the criminal process," and a defendant "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."  411 U.S. at 267.  Thus, after pleading guilty, the defendant "may only attack the voluntary and intelligent character of the guilty plea."  *Id.*; *see Hayes v. Lee*, No. 11-CV-1365, 2015 WL 5943677, at *8 (S.D.N.Y. Oct. 13, 2015) ("[b]ecause

[p]etitioner's plea was knowing and voluntary, [he] cannot assert pre-plea grounds for habeas relief").

In *United States v. Torres*, the Second Circuit considered a defendant's claim that he received ineffective assistance of counsel based on allegations that the defendant "was coerced by his attorney into pleading guilty," and because his attorney "failed to call witnesses at a pretrial suppression hearing." 129 F.3d at 715. The Court rejected the first claim on its merits, finding that the defendant's plea was voluntary and knowing, and rejected the second claim because it did not relate to the guilty plea and thus was barred under *Tollett*. *Id.* Here as well, Day's unconditional guilty plea waives the claim that he was denied effective assistance of counsel because of his counsel's failure to file certain pretrial motions which did not relate to the character of his guilty plea. *See Vasquez v. Parrott*, 397 F. Supp. 2d 452, 463–64 (S.D.N.Y. 2005) (citing *Torres*, 129 F.3d at 715; *Coffin*, 76 F.3d at 498; *Pryor v. McCoy*, No. 96–CV–1810(RSP/RWS), 1997 WL 436809, at *1 (N.D.N.Y. July 25, 1997) ("An unconditional guilty plea . . . waives ineffective assistance of counsel claims except as they relate to the voluntary nature of a plea.")).

Even assuming for the sake of argument that Day has not waived his ineffective assistance arguments regarding counsel's failure to file pretrial motions, Day has not shown that a motion to dismiss based on his lack of specific intent on the assault offenses due to intoxication would have been successful. Thus he has not shown that his counsel's failure to file such a motion fell below an objective standard of reasonableness. Nor has Day shown that, if counsel had filed such a motion, there is a reasonable probability that

13

the plea process would have been different, *i.e.*, Day would not have pleaded guilty and would have insisted on going to trial.

Under Rule 12(d)(1) of the Vermont Rules of Criminal Procedure, a criminal defendant "may move for dismissal of the indictment or information on the ground that the prosecution is unable to make out a prima facie case against him. The motion must specify the factual elements of the offense which the defendant contends cannot be proven at trial." In reviewing a Rule 12(d) motion, the court must "consider whether the evidence, *taken in the light most favorable to the State*, excluding modifying evidence, would fairly and reasonably tend to show [that the] defendant committed the offense, beyond a reasonable doubt." *State v. Baron*, 2004 VT 20, ¶ 2, 176 Vt. 314, 314, 848 A.2d 275, 276 (2004) (emphasis added) (internal quotation marks omitted).

The assault offenses against Day included simple assault on a police officer, in violation of 13 V.S.A. §§ 1023(a)(1) and 1028(2); aggravated assault with a weapon, in violation of 13 V.S.A. § 1024(a)(2); and aggravated assault with intent to prevent a police officer from performing a duty, in violation of 13 V.S.A. § 1024(a)(4). (*See* Doc. 18-1.) A motion to dismiss the simple assault charge based on Day's lack of specific intent due to intoxication would not have been successful, given that simple assault is a general intent crime and intoxication is not a defense. *See State v. Murphy*, 128 Vt. 288, 293, 262 A.2d 456, 460 (1970). The two aggravated assault charges, however, include specific intent elements, requiring the State to show that Day acted "purposely, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life," 13 V.S.A. § 1024(a)(2), and "with intent to prevent a law enforcement officer from

14

performing a lawful duty," *id.* at § 1024(a)(4).  The affidavit of the police officer filed in Day's criminal case–viewed "in the light most favorable to the State," as required under *Baron*, 2004 VT 20, ¶ 2–demonstrates that the State could have readily established that Day possessed the requisite dual intents.

Specifically, the Affidavit of Bennington Police Officer David Faden reveals the following.  (*See* Doc. 18-5.)  On October 16, 2010, Faden received a report of Day's vehicle being operated erratically.  He located the vehicle and attempted to stop it using lights and siren.  Day sped away, and Faden pursued him.  Faden observed Day looking back at him several times during the pursuit.  Day's vehicle swerved at a civilian vehicle that was stopped at a traffic light; swerved dramatically several more times, crossing the center yellow line by several feet; and continually broke hard and then sped back up, reaching an estimated speed of 60 miles per hour.  Finally, as a minivan pulled to the side of the road, Day dramatically braked his vehicle and swerved to "intentionally dr[i]ve directly into [the minivan] head on." (*Id.* at 1.)  Faden exited his vehicle and ran to Day's as he observed Day attempting to exit the vehicle and flee.  Day injured Faden's finger as Faden struggled to handcuff Day.  This Affidavit establishes that Day intended to cause bodily injury with a deadly weapon when he drove his vehicle directly into another vehicle.  The Affidavit also shows that Day intended to prevent his arrest when Faden's hand was injured.  Thus, it would have been futile for trial counsel to have filed a meritless motion to dismiss on the grounds of Day's lack of specific intent.

Moreover, even if the assault charges were dismissed against Day, he still would have been facing multiple felony charges with a potential maximum sentence of life as an

habitual offender.  Day has presented no evidence or legal argument that, had counsel filed the proposed motion to dismiss, he would not have pleaded guilty to the remaining charges and his case would have gone to trial.  *See Hill*, 474 U.S. at 59 ("[I]n order to satisfy [*Strickland's*] 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.").  In fact, Day himself stated in an Affidavit that he "never contested the facts underlying [his] DUI charge and never wanted a jury trial on that charge."  (Doc. 6-10 at 134.)

Day also claims that trial counsel was ineffective for failing to file a "Motion in Limine" challenging "the multiplicity of the same element offenses."  (Doc. 1 at 16; *see* Doc. 16 at 5.)  Presumably, this is a double jeopardy argument.  But Day does not state what offenses he believes are barred by double jeopardy, and each count contained in the information includes an element not present in the other counts.  (*See* Doc. 18-1.)  Thus, in addition to waiving this argument as explained above, the claim fails because Day has failed to show that trial counsel's failure to file a "motion in limine" fell below an objective standard of reasonableness, or that the plea process was affected by this failure.

  **B.**  **The record demonstrates that counsel did not coerce Day's guilty plea.**

Finally, without presenting any particular facts, Day claims that his trial counsel was ineffective because he "coerced" Day into pleading guilty "in order to conceal his unpreparedness for trial."  (Doc. 1 at 17; *see* Doc. 16 at 4; *see id.* at 3 ("my plea was coerce[d] by my attorney's lack [of] representation").)  At the plea hearing, however, Day explicitly acknowledged that he understood the contents of the plea agreement; that he

16

was in fact guilty; and that no one threatened or forced him to plead guilty.  (*See* Doc. 6-13 at 10–13, 18–20.)  In the Second Circuit, a criminal defendant's self-inculpatory statements like these, made under oath at his plea allocution, "carry a strong presumption of verity, and are generally treated as conclusive in the face of the defendant's later attempt to contradict them."  *Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999) (citations omitted); *see United States v. Gonzalez*, 970 F.2d 1095, 1101 (2d Cir. 1992) (allegations about ineffectiveness of defendant's lawyer in relation to his guilty plea were properly rejected because they "merely contradicted [defendant's] earlier statements made under oath at his plea allocution").  Accordingly, Day's claim that trial counsel was ineffective for coercing his guilty plea fails both prongs of the *Strickland* analysis.  *See Torres*, 129 F.3d at 716–17 (district court properly rejected claims that guilty plea was involuntary because defense counsel coerced plea and plea was entered out of fear that defense counsel was unprepared to go to trial, where such claims were contradicted by defendant's plea allocution).[2]

---

[2] Although not directly addressed in his Motion to Stay, Day claims in his Habeas Petition that trial counsel also "never responded to [Day's] letters" and "disregarded [Day's] attempt to participate in his own [d]efense."  (Doc. 1 at 16.)  Because the record does not suggest that any communication problems between Day and counsel "significantly affected" counsel's performance related to Day's guilty plea, any lack of communication between Day and his counsel "neither rendered counsel's assistance ineffective nor prejudiced Lopez."  *Lopez v. Graham*, No. 1O-CV-0468 NGG, 2012 WL 1865502, at *13 (E.D.N.Y. May 22, 2012), *aff'd*, 519 F. App'x 52 (2d Cir. 2013) (citing *Jones v. Conway*, 442 F. Supp. 2d 113, 126 (S.D.N.Y. 2006) (noting that "there is no set rule for the number of times counsel must meet with a defendant," and that the petitioner failed to establish prejudice because the record revealed "that petitioner's trial counsel was active and effective in presenting a strong defense on petitioner's behalf"); *Jelinek v. Costello*, 247 F. Supp. 2d 212, 273 (E.D.N.Y. 2003) (counsel's lack of communication with defendant falls below constitutional standards only if it "materially hampers the fashioning of a defense"); *Matos v. Miles*, 737 F. Supp. 220, 222 (S.D.N.Y. 1990) ("[e]ven assuming that [defendant] did not speak to counsel," defendant had not shown prejudice because the record revealed "that counsel possessed a thorough command of the facts"); *United States ex rel. Bradley v. McCann*, 23 F.2d 656, 657 (2d Cir.

## IV. Day is not entitled to relief for the alleged ineffective assistance of his PCR counsel.

As noted earlier (*see* footnote 1), Day also appears to claim that his PCR counsel was ineffective for "drop[ping] the ball" on Day's ineffective assistance of counsel claim regarding trial counsel, and for "los[ing] sight of the fact that trial counsel coerced [Day] into a guilty plea with erroneous information." (Doc. 16 at 4.) To the extent that these claims involve an alleged deficiency in the PCR process, they are not cognizable on federal habeas review. *See Word v. Lord*, 648 F.3d 129, 132 (2d Cir. 2011) ("alleged errors in a postconviction proceeding are not grounds for § 2254 review because federal law does not require states to provide a post-conviction mechanism for seeking relief"); *see also Mabe v. Comm'r of Vermont Dep't of Corr.*, No. 1:14-CV-12-JGM, 2014 WL 2155018, at *2 (D. Vt. May 22, 2014) ("[petitioner's] dissatisfaction with PCR counsel is not a basis for habeas relief") (citing 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.")). Accordingly, Day is not entitled to relief on these claims.

Even if Day's claimed dissatisfaction with PCR counsel could constitute a basis for habeas relief, the claim would fail because it is based on Day's ineffective assistance claims regarding trial counsel, and, as discussed herein, those claims lack potential merit. *See Jones v. Walsh*, No. 08 CV 915(JG), 2008 WL 2064555, at *6 (E.D.N.Y. May 12, 2008) ("because the underlying ineffective assistance of counsel claims are without merit,

---

1970) (rejecting ineffective assistance claim on prejudice grounds even though appointed attorney did not meet with defendant until the day the trial was to begin)).

[petitioner's] claim of ineffective assistance of appellate counsel is likewise without merit") (citing *Rolling v. Fischer*, 433 F. Supp. 2d 336, 351 (S.D.N.Y. 2006) ("[T]here can be no claim of ineffective assistance of appellate counsel where the underlying claims of ineffective assistance of trial counsel are themselves meritless.")).

## Conclusion

For these reasons, I recommend that Day's request for a stay and abeyance to exhaust his unexhausted ineffective assistance of counsel claims (Doc. 16) be DENIED. I further recommend that Day's unexhausted claims be DISMISSED, and that the Court proceed with a review of Day's exhausted claims under 28 U.S.C. § 2254. *See McCrae v. Artus*, No. 10–CV–2988(RRM), 2012 WL 3800840, at *10 (E.D.N.Y. Sept. 2, 2012) ("Many courts faced with . . . a mixed petition that is ineligible for a stay and that would be untimely if refiled following dismissal . . . assume that the petitioner would prefer the Court to consider the majority of his claims, rather than dismiss the entire Petition outright and risk being barred from raising any of those claims again in federal court.") (internal quotation marks omitted).

Given these findings, I further recommend that the Court order Menard to file a revised motion for summary judgment (*see* Doc. 12) which addresses only the remaining exhausted claims, and allow Day 30 days from the filing of that motion to file his response.

Dated at Burlington, in the District of Vermont, this 27th day of September, 2016.

*/s/John M. Conroy*
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c).  Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).