U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2016 NOV 30 PM 12: 22

CLERK
BY_____(AW_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DARRELL DAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-234 |
| ) | |
| LISA MENARD, Commissioner, Vermont ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 16 & 22)

This matter came before the court for a review of the Magistrate Judge's September 27, 2016 Report and Recommendation ("R & R") (Doc. 22), in which he recommended that the court deny Petitioner Darrell Day's motion to stay his habeas corpus proceeding filed pursuant to 28 U.S.C. § 2254 and dismiss those claims so that Petitioner may exhaust his unexhausted ineffective assistance of counsel claims in state court. (Doc. 16.) The Magistrate Judge recommended that Petitioner's exhausted claims proceed in this case. Neither party has filed an objection to the R & R, and the time period to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1);

*accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his twenty-page R & R, the Magistrate Judge carefully reviewed the factual background, procedural history, and the nature of Petitioner's ineffective assistance of counsel claims. Because Petitioner had filed a "mixed petition" containing claims for which 28 U.S.C. § 2254(b)(1)(A)'s exhaustion requirements have been met and other claims for which they had not, he properly addressed both sets of claims in his decision. *See Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir. 2001) (requiring that "a petitioner must present the substance of the same federal constitutional claim[s] that he now urges upon the federal courts . . . to the highest court in the pertinent state") (internal quotation marks omitted) (alteration in original).

The Magistrate Judge concluded that a stay is inappropriate in this case because Petitioner had neither demonstrated good cause for his failure to exhaust his claims in state court, nor established that his claims were potentially meritorious. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and that the district court abuses its discretion "if it were to grant . . . a stay when [the] unexhausted claims are plainly meritless"). Accordingly, the Magistrate Judge recommended that the court dismiss and not stay Petitioner's unexhausted claims. The court agrees with the Magistrate Judge's recommendations and finds them well-reasoned.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 22) as the court's Opinion and Order, DENIES Petitioner's motion for a stay (Doc. 16), and DISMISSES Petitioner's unexhausted claims in his petition for writ

of habeas corpus. Petitioner's exhausted claims shall remain pending before the Magistrate Judge for further proceedings.

SO ORDERED.

    Dated at Burlington, in the District of Vermont, this 29th day of November, 2016.

                                                Christina Reiss, Chief Judge
                                                United States District Court