U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2017 JUN 16 PM 1: 10
CLERK
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DARRELL DAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:15-cv-234 |
| ) | |
| LISA MENARD, Commissioner, Vermont ) | |
| Department of Corrections, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**
(Docs. 12 & 28)

This matter came before the court for a review of the Magistrate Judge's April 4, 2017 Report and Recommendation ("R & R") (Doc. 28), in which he recommended that the court grant Respondent Commissioner of Vermont Department of Corrections Lisa Menard's motion for summary judgment and dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by self-represented Petitioner Darrell Day. (Doc. 12.) Petitioner claims that: (1) his state sentence for DUI third offense violated the Ex Post Facto clause of the United States Constitution; (2) the state courts misapplied the law in violation of his constitutional rights; and (3) he received ineffective assistance of counsel in violation of the Sixth Amendment from his trial attorney. Neither party has filed an objection to the R & R, and the time period to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the

factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his twenty-eight page R & R, the Magistrate Judge carefully reviewed the factual and legal claims that remained after the court's November 30, 2016 Opinion and Order dismissing Petitioner's unexhausted claims. The Magistrate Judge properly recommended that the court grant summary judgment in Respondent's favor and dismiss all of Petitioner's remaining claims because the Vermont Supreme Court did not violate the Ex Post Facto clause, federal habeas relief is not available where a petitioner seeks to re-litigate state law issues, and Petitioner failed to satisfy the two-prong test for establishing ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court agrees with the Magistrate Judge's well-reasoned decision.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R (Doc. 28) as the court's Opinion and Order, GRANTS Respondent's motion for summary judgment (Doc. 12), and DISMISSES Petitioner's petition for writ of habeas corpus.

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because he has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 16th day of June, 2017.

Christina Reiss, Chief Judge
United States District Court